IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01120-BNB

L. MICHAEL GEORGE,

Plaintiff,

v.

UNIVERSITY OF DENVER, PENROSE LIBRARY, and
CAMPUS SAFETY CENTER,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 25 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, L. Michael George, currently resides in Denver, Colorado. On May 6, 2010, Mr. George, acting *pro se*, initiated this action by filing a Complaint. Mr. George's Complaint, however, does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Mr. George is entitled to relief. *See* ***Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See* ***TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. George fails to set forth a short and plain statement of proper jurisdiction and claims showing that he is entitled to relief. On Page Two of the Complaint form, Mr. George states "discrimination to one disability" as the statutory authority for jurisdiction in this action. Mr. George also states on Page Two and Three of the Complaint form that he signed an "agreement" to not use the Penrose Library or "be present" on the University of Denver campus. Mr. George's claims are vague and fail to show that he is entitled to relief.

Therefore, Mr. George will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. Mr. George is instructed that he must identify what federal statute provides jurisdiction for this action in this Court. Mr. George further is instructed that to state a claim in this Court he must state with specificity what each named defendant did to him, when they did it, how their action harmed him, and what specific legal right they violated. ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. George file **within thirty days from the date of this Order** an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. George, together

2

with a copy of this Order, two copies of the Court-approved form used for filing a

*pro se* Complaint. It is

FURTHER ORDERED that if Mr. George fails within the time allowed to file an

Amended Complaint, as directed, the action will be dismissed without further notice.

DATED May 25, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01120-BNB

L. Michael George
1825 Arapahoe St. #1012
Denver, CO 80202

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 5|25|10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk